*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 11a0067p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,

          *Plaintiff-Appellee,*

    *v.*

DEVELAE PAIGE,

          *Defendant-Appellant.*

No. 09-6067

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 08-20424-001—Jon Phipps McCalla, Chief District Judge.

Argued: March 11, 2011

Decided and Filed: March 15, 2011

Before: KENNEDY and MARTIN, Circuit Judges; MURPHY, District Judge.[*]

_____

## COUNSEL

**ARGUED:** Mary C. Jermann-Robinson, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Memphis, Tennessee, for Appellant. Alexia M. Fulgham, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee. **ON BRIEF:** April R. Goode, Stephen B. Shankman, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Memphis, Tennessee, for Appellant. G. Kirby May, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee.

_____

[*]The Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

—————————

## OPINION

—————————

BOYCE F. MARTIN, JR., Circuit Judge.   Defendant-appellant Develae Paige appeals the district court's judgment sentencing him as an Armed Career Criminal.   We **AFFIRM**.

## I. BACKGROUND

On May 13, 2009, a jury convicted Paige of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (2006).   The Presentence Report indicated that Paige should be sentenced as an Armed Career Criminal pursuant to U.S.S.G. § 4B1.4(b)(3)(B) and 18 U.S.C. § 924(e)(1).   The Armed Career Criminal Act imposes a mandatory fifteen-year prison term on defendants who have been convicted for a violation of 18 U.S.C. § 922(g) if they have three previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another."   18 U.S.C. § 924(e)(1).   The Presentence Report classified Paige as an Armed Career Criminal because he had previously been convicted of one aggravated assault and five aggravated robberies.   Although the five robberies occurred on the same day, were close in location, and Paige pled guilty to them at the same time, they involved distinct times, locations, and victims.   Paige objected to being sentenced as an Armed Career Criminal.   He argued that the robberies should be considered as one continuous crime spree and thus count only as one conviction for purposes of determining his status as an Armed Career Criminal.   The district court conducted a sentencing hearing on September 2, held that Paige was an Armed Career Criminal, and sentenced him to a term of sixteen years and eight months imprisonment.   Paige appeals.

## II. ANALYSIS

We review de novo the district court's decision that Paige's five robberies were committed on different occasions under the Act.  *United States v. Hill*, 440 F.3d 292, 295 (6th Cir. 2006).

In *Hill*, we held that two offenses are committed on different occasions under the Act if: (1) "it is possible to discern the point at which the first offense is completed, and the subsequent point at which the second offense begins"; (2) "it would have been possible for the offender to cease his criminal conduct after the first offense, and withdraw without committing the second offense"; or (3) "the offenses are committed in different residences or business locations."  *Id*. at 297-98.  Since *Hill*, we have continued to follow this analysis to determine whether prior offenses qualify for Armed Career Criminal status, and it is consistent with the approach taken by the other circuits. Paige concedes that his five robbery convictions would count separately under all three of the *Hill* tests, and that his appeal fails if *Hill* remains good law.  (Brief of the Defendant/Appellant at 10.)  Absent an intervening Supreme Court or en banc decision, we lack the authority to overrule *Hill*.  *See, e.g.*, *Ahearn v. Jackson Hosp. Corp.*, 351 F.3d 226, 235 (6th Cir. 2003).

Paige claims that in *Begay v. United States*, 553 U.S. 137 (2008), the Supreme Court implicitly overruled *Hill* insomuch as the *Hill* test may find some non-recidivist individuals to be Armed Career Criminals.  Thus, the issue before us is whether *Begay* in fact implicitly overruled *Hill*.  We hold that it did not.

*Begay* addressed the narrow question of "whether driving under the influence of alcohol is a 'violent felony' as the Act defines it," and concluded that it is not.  *Id.* at 139.  *Begay* did not address the issue presented in *Hill* and this case: whether crimes are considered to have been committed on different occasions under the Act.  *Begay* discusses Congress's purposes and intent in enacting the Act, and Paige points to several statements in the opinion that he claims suggest that it overruled *Hill*.  *See, e.g.*, *id.* at 146 ("We have no reason to believe that Congress intended a 15-year mandatory prison term where that increased likelihood [of recidivism] does not exist."); *id.* at 147 (stating

that the purpose of the Act is to "punish only a particular subset of offender, namely, career criminals"). However, these statements are insufficient to implicitly overrule *Hill* when they do not address the portion of the statute at issue in *Hill* and do not suggest that the *Hill* tests fail to accurately capture Congress's views regarding recidivism. Thus, we find that the district court's decision is consistent with current Sixth Circuit precedent.

## III. CONCLUSION

*Begay* did not implicitly overrule *Hill*. The district court's determination that Paige is an Armed Career Criminal is consistent with *Hill*. Thus, we **AFFIRM** the decision of the district court.