**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0515n.06

No. 09-6350

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**

*Jul 25, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| JOHN E. FRANCE, JR., aka John E. France, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: NORRIS, GIBBONS, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant John France appeals his sentence of 188 months' imprisonment following his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). France's sole argument on appeal is that the district court erred in sentencing him as an armed career criminal. *See* 18 U.S.C. § 924(e)(1). We disagree and affirm.

I.

John France pleaded guilty to possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and (2). In preparation for sentencing, the probation office created a presentence report ("PSR"). The PSR calculated France's base offense level as 24; recommended a four-level enhancement because France possessed the firearm in connection with another felony offense, i.e., manufacturing methamphetamine; determined that France was an armed career criminal because he

had three prior qualifying convictions; and included a three-level reduction for acceptance of responsibility. France's resulting adjusted offense level was 31, and his advisory Guideline's range was 188 to 235 months' imprisonment. As an armed career criminal, France also faced a statutorily-mandated minimum sentence of fifteen years' imprisonment.

At the sentencing hearing, France objected to the PSR's determination that he was an armed career criminal. He argued that because two of his qualifying convictions were committed on the same day, they should count as a single offense, rather than as separate offenses. The district court disagreed. It concluded that the two challenged burglary convictions were separate offenses under § 924(e), reasoning that "[e]ven a slight deviation of . . . time is sufficient to allow the charges to be considered as separate offenses, particularly if they are at different locations and against different victims; and, of course, in this case, they were." The district court then sentenced France to 188 months' imprisonment.

France timely appeals.

II.

France makes one argument on appeal: that the district court erred in counting his two burglary convictions separately for purposes of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), because it "ignored reliable judicial fact-finding by the state criminal court judge who determined . . . that the two offenses . . . actually both occurred on the same date; and were, based on the testimony of France himself, part of a continuous course of conduct – and not two

separate offenses." Upon de novo review, *see United States v. Sawyers*, 409 F.3d 732, 736 (6th Cir.

2005) (abrogated on other grounds), we find this claim meritless.

The ACCA provides that "a person who violates [§] 922(g) of this title and has three previous

convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on

occasions different from one another, . . . shall be fined under this title and imprisoned not less than

fifteen years[.]" 18 U.S.C. § 924(e)(1). Offenses are committed on different occasions if "it is

possible to discern the point at which the first offense is completed, and the subsequent point at

which the second offense begins"; it would have been possible for the offender "to cease his criminal

conduct after the first offense, and withdraw without committing the second offense"; or the offenses

are committed "in different residences or business locations." *United States v. Paige*, 634 F.3d 871,

873 (6th Cir. 2011) (citation and internal quotation marks omitted).

In this case, France's contention that the district court erred by failing to give credence to the

state court's decision is baseless for two reasons. First, the district court alternatively assumed that

France committed the burglaries on the same day, and correctly concluded that that fact did not

change the ACCA analysis. *See United States v. Brady*, 988 F.2d 664, 668 (6th Cir. 1993) (en banc)

(rejecting the idea that "mere proximity in time" is enough to "merge . . . offenses" under the

ACCA). Second, France's personal belief that his burglaries were part of the same course of

conduct, as well as any state court determination to that effect (and France has not shown that there

is one), are beside the point because the district court was required to make its own legal finding as

to whether the crimes were "committed on occasions different from one another" pursuant to 18 U.S.C. § 924(e)(1).

As to the merits, France could have ceased his criminal conduct after the first offense, and he admits that he committed the burglaries at different times and places and against different victims. He testified: "I went to one house, and then in the same day, 20 minutes later, I went to the next house." On this record, we agree with the district court that France committed the burglaries on "occasions different from one another" for purposes of the ACCA. *Cf. Brady*, 988 F.2d at 669 (concluding that a defendant's prior robbery convictions were separate offenses because, "although committed within less than an hour of each other," the crimes were committed at "different times and places and against different victims"); *United States v. Carnes*, 309 F.3d 950, 956 (6th Cir. 2002), *cert. denied* 537 U.S. 1240 (2003) (holding that a defendant's prior convictions for burglary were separate offenses because he had completed the first burglary before committing the second burglary, such that it was "possible to identify an endpoint between the two offenses").

## III.

For these reasons, we affirm the judgment of the district court.