**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0417n.06

No. 11-5069

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Apr 16, 2012**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| CHRISTOPHER G. EATON, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: BATCHELDER, Chief Judge; McKEAGUE, Circuit Judge; QUIST, District Judge.[*]

PER CURIAM. Christopher G. Eaton appeals the district court's judgment of conviction and sentence.

Eaton pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The district court determined that Eaton was an armed career criminal under 18 U.S.C. § 924(e) based on his prior Mississippi conviction for arson and his prior Tennessee convictions for aggravated burglary and aggravated assault. The court determined that Eaton's guidelines range of imprisonment was 188 to 235 months. It sentenced him to the statutory mandatory minimum term of 180 months in prison.

On appeal, Eaton argues that the district court made two errors in determining that his prior Tennessee convictions were "committed on occasions different from one another" as required by

---

[*]The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

§ 924(e): (1) it improperly relied on the facts set forth by the prosecutor during the plea colloquy because Eaton effectively entered his plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), which did not constitute an admission to the proffered facts; and (2) it erroneously determined that there was sufficient evidence to demonstrate that the Tennessee offenses were committed on different occasions. We review de novo the district court's determination that Eaton's Tennessee offenses were committed on different occasions for purposes of § 924(e). *See United States v. Paige*, 634 F.3d 871, 873 (6th Cir.), *cert. denied*, 132 S. Ct. 206 (2011). Offenses are committed on different occasions if (1) it is possible to discern when the first offense ended and the second offense began; (2) it would have been possible for the offender to cease his criminal conduct after the first offense and withdraw without committing the second offense; or (3) the offenses are committed in different residences or business locations. *Id.*

The district court properly determined that Eaton's prior Tennessee offenses were committed on different occasions. At the plea hearing, the prosecutor stated the factual basis of the charges as follows. Eaton broke into the home of the first victim, vandalized the property, and left. He went up the road to the vicinity of another home, where he fired a weapon toward a different victim. Those facts were sufficient to demonstrate that the offenses occurred at different residences, that the burglary ended before the assault began, and that Eaton could have ceased his criminal conduct after the burglary without committing the assault. Further, despite Eaton's argument to the contrary, he did not enter an *Alford*-type plea to the Tennessee charges. At no time during the plea hearing did the court or parties refer to Eaton's plea as anything other than a standard guilty plea, and Eaton acknowledged that the prosecution could produce witnesses to support the proffered factual basis and that he was pleading guilty because he was actually guilty of the offenses.

Accordingly, we affirm the district court's judgment.