NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0440n.06

No. 13-5730

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jun 17, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| THADDEUS DANIEL, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |
| | ) | |

Before: NORRIS, CLAY, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. In 1995, Thaddeus Daniel pled guilty to six counts of aggravated robbery in violation of Tennessee Code § 39-13-402. Seventeen years later, Daniel pled guilty to possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). Based upon Daniel's prior convictions for aggravated robbery, the district court determined that Daniel was an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). That determination gave rise to a mandatory-minimum sentence of 15 years. Daniel now argues, among other things, that the district court engaged in improper fact-finding when it found that his aggravated-robbery convictions occurred on separate "occasions" for purposes of the Act. We reject his arguments and affirm.

I.

In August 2008, while on routine patrol in his squad car, Chattanooga Police officer William Salyers saw a silver car with four men inside, one of them Daniel. Each of the men was pointing a firearm at two people who were standing outside the car with their hands in the air. All four of the assailants fled when they saw Salyers' vehicle. Another officer eventually found Daniels in an alley with a rifle and a wallet belonging to one of the robbery victims.

A federal grand jury later charged Daniel with possession of a firearm as a felon. Daniel pled guilty without a plea agreement. During his plea colloquy, Daniel said that he had reviewed and understood the indictment, the charges against him, and the potential penalties. He also said that he had discussed the case with his attorney and that he had not been coerced into pleading guilty. The district court accepted his guilty plea.

A probation officer thereafter prepared Daniel's presentence report, which included a recommendation that Daniel be treated as an armed career criminal—and thus be subject to a mandatory-minimum 15-year penalty under the Armed Career Criminal Act—because of his six prior convictions for aggravated robbery. That recommendation apparently upset Daniel: his lawyer reported that Daniel wished to represent himself, and Daniel proceeded to file a pro se motion to withdraw his guilty plea. After a hearing, the court allowed Daniel to represent himself in the case but denied his plea-withdrawal motion, which the district court said was based on little more than pleader's remorse.

The district court thereafter held a sentencing hearing, during which Daniel objected to the PSR's recommendation that the court sentence him as an armed career criminal. Daniel argued that his six prior armed robbery convictions should only count as one predicate offense, because they had occurred during one crime spree that spanned a little less than two hours. The

district court disagreed, concluding that, spree or not, the six robberies had occurred on separate occasions as that term is used under the Armed Career Criminal Act. The court therefore held that each of the six robberies counted as a separate predicate offense under the Act.

During the sentencing hearing, the district court also heard testimony from two officers about the 2008 robbery. Based on their testimony, the court found that the government had established by a preponderance of the evidence that Daniel possessed a rifle in connection with the 2008 robbery. The court therefore enhanced Daniel's sentence under U.S.S.G. § 4B1.4(b)(3)(A). The court then imposed a sentence of 211 months' imprisonment.

This appeal followed.

## II.

### A.

Daniel argues that the district court improperly denied his motion to withdraw his guilty plea. We review the denial for an abuse of discretion. *United States v. Valdez*, 362 F.3d 903, 912 (6th Cir. 2004).

"A defendant has no right to withdraw his guilty plea." *United States v. Martin*, 668 F.3d 787, 794 (6th Cir. 2012). Instead, the defendant bears the burden of showing "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In determining whether a defendant has made this showing, courts consider, among other factors, any delay in filing the motion to withdraw, whether the defendant has asserted his innocence, and the potential prejudice to the government if the motion to withdraw were granted. *See United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994).

Here, Daniel waited four months before he moved to withdraw his plea, and did so only after the probation officer recommended that Daniel be sentenced as an armed career criminal

(thus subjecting him to a longer sentence). Moreover, as the district court noted, Daniel did not assert his innocence in seeking to withdraw his plea. The court also found that withdrawal of the plea, after a four-month delay, would prejudice the government. We have no reason to second-guess any of those findings. Nor do we see any reason to question the court's finding that Daniel's plea was voluntary. The district court did not abuse its discretion in refusing to allow Daniel to withdraw his plea.

B.

Daniel argues that the district court engaged in improper fact-finding, in violation of the Sixth Amendment, when it determined that Daniel is an armed career criminal. We review his challenge de novo. *See United States v. Anderson*, 695 F.3d 390, 398 (6th Cir. 2012).

The Armed Career Criminal Act states that "a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, *committed on occasions different from one another*, . . . shall be . . . imprisoned not less than fifteen years[.]" 18 U.S.C. § 924(e)(1) (emphasis added). Meanwhile, after Daniel's sentencing, the Supreme Court held that facts giving rise to a mandatory minimum must be found by a jury beyond a reasonable doubt. *See Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013). Daniel thus argues that a jury, rather than the district court, should have determined whether his Tennessee robbery "spree" should have counted as one offense or six for purposes of the Armed Career Criminal Act.

The problem with Daniel's argument is that he concedes the dispositive facts: namely, that he robbed six different victims at different times over an approximately 90-minute period. Hence there are no disputed facts for a jury to find; instead, the court was merely required to determine whether an undisputed body of facts met a particular legal standard for purposes of the

Act. Specifically, the court was required to determine whether Daniel's robberies took place on different "occasions." "[T]wo offenses are committed on different occasions under [the Act] if: (1) it is possible to discern the point at which the first offense is completed, and the subsequent point at which the second offense begins; (2) it would have been possible for the offender to cease his criminal conduct after the first offense, and withdraw without committing the second offense; or (3) the offenses are committed in different residences or business locations." *United States v. Paige*, 634 F.3d 871, 873 (6th Cir. 2011) (internal quotation marks omitted). Here, the undisputed facts that Daniels robbed different victims, at different times, meant that the court could determine when the first offense ended and the next began, which in turn meant that the robberies took place on different occasions for purposes of the Act. Thus, based on the facts that Daniel himself conceded, the district court properly determined that he was an armed career criminal.

C.

Finally, Daniel argues that the district court improperly enhanced his sentence under U.S.S.G. § 4B1.4(b)(3)(A) for using a firearm during the 2008 robbery. This argument is meritless: the enhancement did not give rise to a mandatory minimum, which means that the district court, rather than a jury, could find the facts supporting the enhancement. *See United Sates v. Al-Cholan*, 610 F.3d 945, 955 (6th Cir. 2010). And the district court did not commit clear error in finding that Daniel used a firearm during the 2008 robbery, since two officers testified to that effect during Daniel's sentencing hearing.

*    *    *

The district court's judgment is affirmed.