NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0544n.06

Case No. 19-3139

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Oct 24, 2019

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| NATIONAL MINES CORP., et al., | ) | |
| Petitioners, | ) | |
| | ) | ON PETITION FOR REVIEW OF |
| v. | ) | AN ORDER OF THE BENEFITS |
| | ) | REVIEW BOARD, UNITED |
| STEVE B. CONLEY, et al., | ) | STATES DEPARTMENT OF |
| Respondents. | ) | LABOR |
| | ) | |

**BEFORE: ROGERS, WHITE, and READLER, Circuit Judges.**

**CHAD A. READLER, Circuit Judge.** Steve Conley worked for at least fifteen years as a coal miner. Several times he presented claims for black lung benefits to the Department of Labor, but each time he was denied as ineligible. Finally in 2012, an Administrative Law Judge of the Department awarded Conley benefits. National Mines appealed that determination to the Benefits Review Board, which affirmed the ALJ's finding.

From there, the plot thickened. National Mines filed a motion for reconsideration, arguing for the first time that the appointment of the Administrative Law Judge who decided the case violated the Appointments Clause of the U.S. Constitution. For support, National Mines invoked the United States Supreme Court's then-recent decision in *Lucia v. SEC*, 138 S. Ct. 2044 (2018). But the Board denied the motion on the grounds that National Mines could not raise an argument, even a constitutional one, for the first time in a motion for reconsideration.

In its appeal to this Court, National Mines again raises its Appointments Clause challenge. Following appellate briefing in this case, another panel of this Court issued a published decision in *Island Creek Coal Co. v. Bryan*, 937 F.3d 738 (6th Cir. 2019), *reh'g denied* (Sept. 24, 2019), which held that petitioners in a nearly identical situation to National Mines forfeited their Appointments Clause argument by failing to raise it in their initial briefing before the Board. After *Bryan*, the same must be true here. As National Mines' Appointments Clause argument was thus forfeited below, we **DENY** the petition for review.

## I. BACKGROUND

Petitioners National Mines Corporation and Old Republic Insurance Company challenge the decision of an Administrative Law Judge (or "ALJ") in the Department of Labor awarding benefits to former coal miner Steve Conley under the Black Lung Benefits Act. Conley began filing for black lung benefits as far back as 1989. For Conley, the fourth time was charmed. An ALJ in February 2012 made the benefits award at issue here. In making that award, the ALJ found that, unlike the conditions underlying prior denials, Conley had now demonstrated his total disability. Adding in the fact that Conley had worked for at least fifteen years as a coal miner, he now enjoyed a statutory presumption that his disability was due to pneumoconiosis. *See* 30 U.S.C. § 921(c)(4) and 20 C.F.R. § 718.305. The ALJ further concluded that National Mines had not rebutted this presumption.

National Mines appealed the award to the Department's Benefits Review Board. The Board affirmed the benefits award on June 20, 2018. The very next day, the Supreme Court issued its opinion in *Lucia*. There, the Supreme Court held that ALJs of the Securities and Exchange Commission are considered to be officers of the United States. 138 S. Ct. at 2053. As such, the Supreme Court explained, those ALJs must be appointed in a manner consistent with the

Appointments Clause of the U.S. Constitution, Art. II, §2, cl. 2, which specifies that the appointment of an inferior officer must be made by the President, a court of law, or the head of a department. *Id.* at 2051, 2054.

ALJs of the Department of Labor, including the ALJ who decided Conley's case, had been appointed by Department staff members, rather than the Department's head, the Secretary of Labor. *Bryan*, 937 F.3d at 744. Realizing as much, National Mines filed a motion for reconsideration with the Board. In that motion, National Mines for the first time argued that the appointment of the ALJ who awarded Conley benefits violated the Appointments Clause. Although the Secretary of Labor later ratified the appointments of ALJs in the Department, this was too little, too late, said National Mines, as it occurred after Conley had already been awarded benefits. But the Board denied the motion. Because National Mines raised the Appointments Clause issue for the first time in a motion for reconsideration, it had forfeited the issue. National Mines then filed a petition for review with this Court.

Meanwhile, after the parties here filed their briefs before this Court, a separate panel decided *Bryan*, 937 F.3d at 738. *Bryan* presented a nearly identical scenario: petitioners raised their Appointments Clause challenge for the first time in a motion for reconsideration before the Benefits Review Board. After a thorough forfeiture analysis, we held in *Bryan* that the petitioners had forfeited their Appointments Clause challenge by failing to raise it pursuant to the Board's own issue exhaustion requirements. *Id.* at 754.

In *Bryan*'s wake, we ordered the parties to file supplemental briefing on the issue of whether *Bryan* controls the forfeiture issue in this case. National Mines responded with four principal arguments as to why we should hear its Appointments Clause challenge, despite *Bryan*: (1) National Mines asserts a structural constitutional challenge, which should not be subject to

waiver; (2) the decision in *Bryan* created a circuit split with the Third Circuit's decision in *Kreschollek v. Southern Stevedoring Co.*, 78 F.3d 868 (3d Cir. 1996); (3) the Benefits Review Board has only appellate jurisdiction, so before this Court issued clear guidance as to the scope of the Board's authority to review a constitutional challenge, the Board lacked authority to decide the question de novo; and (4) *Bryan* did not address and/or fully explore other exceptions, including National Mines' assertion that the Appointments Clause argument was not available to it, given that it appealed to the Board before *Lucia* was decided. We now turn to those arguments.

## II. NATIONAL MINES FORFEITED ITS CONSTITUTIONAL ARGUMENT

National Mines offers numerous reasons why we should excuse its failure to exhaust the Appointments Clause issue before the Benefits Review Board. With a nearly identical posture to this case, *Bryan* controls our forfeiture analysis. And that decision undermines each of National Mines' arguments.

First, citing *Freytag v. C.I.R.*, 501 U.S. 868 (1991), National Mines argues that a structural constitutional issue may never be waived. Relying on separation of powers principles, the Supreme Court in *Freytag* held that the Appointments Clause objection raised in that case was a structural constitutional objection that could, in the Supreme Court's discretion, be considered on appeal even though it had not been raised below. 501 U.S. at 878–79. Yet in *Bryan*, in a setting nearly identical to that here, we rejected application of the exception from *Freytag*. 937 F.3d at 754. We noted that the exhaustion mandate in *Freytag* arose on prudential grounds, which in turn gave the Court discretion to adopt prudential exceptions to the mandate. *Id*. Because the Black Lung Benefits Act's exhaustion mandate is not prudential, we declined to apply the *Freytag* exception. *Id*. at 749, 754. We see no reason to treat National Mines differently from the petitioners in *Bryan*, nor has National Mines provided us with one.

4

Second, National Mines argues that *Bryan* creates a circuit split with the Third Circuit in *Kreschollek*, 78 F.3d 868. If *Bryan* did split the circuits, we are nevertheless bound to follow our Circuit's side in the split, absent intervening en banc or Supreme Court authority to the contrary. *See United States v. Paige*, 634 F.3d 871, 873 (6th Cir. 2011). Nor, for that matter, are we convinced that a split now exists. The appellant in *Kreschollek* brought a *facial* constitutional challenge to a section of the Longshore and Harbor Workers' Compensation Act, on the grounds that the Act did not provide for a predeprivation hearing before termination of benefits for certain injured employees. *Id*. at 869–70. The Third Circuit held that the district court had jurisdiction to hear the constitutional challenge to the Act since the statute made it impossible for the Benefits Review Board to grant the relief sought, namely, a predeprivation hearing. *Id*. at 875. But *Byran* held that an Appointments Clause challenge in the black lung context is an *as-applied* challenge. 937 F.3d at 753. Such a claim asks the Board to remedy a defect within the Department of Labor itself, one that can fairly be raised with the Board.

National Mines' further arguments are equally unconvincing. For instance, *Bryan* makes clear that the Benefits Review Board has the power to decide a constitutional claim. 937 F.3d at 753. And because the Board has power to "provide effective relief" on that claim by granting a new hearing before a properly appointed judge, it is not futile to bring such a claim before the Board. *See id*. *Bryan* further answered whether the Appointments Clause issue was available to the parties pre-*Lucia*. *See id*. at 754. Indeed, the year before the Benefits Review Board heard National Mines' appeal, the Tenth Circuit had held in *Bandimere v. SEC*, 844 F.3d 1168, 1188 (10th Cir. 2016), that ALJs in the Securities and Exchange Commission were inferior officers. With that in mind, we are hard pressed to accept National Mines' suggestion that *Lucia* suddenly gave National Mines the keys to a legal argument previously under lockdown.

In short, we see no reason to excuse National Mines' failure to exhaust the Appointments Clause issue before the Benefits Review Board. The issue was thus forfeited. Accordingly, we deny National Mines' request for remand.

### III. CONCLUSION

For these reasons, the petition for review is **DENIED**.