JULIA SMITH GIBBONS, Circuit Judge.
*439 James Hennessee pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The government sought an enhanced penalty under § 924(e)(1) based on Hennessee's three prior convictions for violent felonies. Hennessee objected on the basis that the government could not prove that two of his prior offenses were committed on different occasions, as required by the Armed Career Criminal Act. The district court agreed with Hennessee, finding that our precedent precluded its review of non-elemental facts in Shepard documents when conducting the different-occasions analysis. But because a sentencing court may consider non-elemental facts such as times, locations, and victims in Shepard documents when conducting the different-occasions analysis, we hold that the district court erred. The facts of Hennessee's prior convictions-as established in Shepard -approved documents-indicate that he committed those violent felonies on occasions different from one another. Thus, the government proved that Hennessee's prior convictions qualify him for a sentence enhancement as an armed career criminal. Therefore, we vacate Hennessee's sentence and remand to the district court for resentencing with instructions to apply the enhancement under the Armed Career Criminal Act.
I.
In August 2016, a police officer came across Hennessee in a park in Pulaski, Tennessee. Hennessee informed the officer that he was on state parole and consented to a search. The officer searched Hennessee's person and items nearby on the ground. The officer arrested Hennessee after finding a digital scale, methamphetamine, hydrocodone pills, and a loaded handgun. On November 8, 2017, the government charged Hennessee with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Hennessee pled guilty on March 13, 2018.
The Probation Office prepared a presentence investigation report ("PSR") and recommended that the district court sentence Hennessee as an armed career criminal based on his prior criminal convictions. The PSR identified three prior convictions-one in Limestone County, Alabama and two in Davidson County, Tennessee-that qualified as violent felonies under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Based on these predicate offenses, the PSR recommended that the district court impose the mandatory minimum sentence of fifteen years for a defendant with three predicate violent felonies under the ACCA.
The first predicate offense stemmed from Hennessee's 2015 convictions for manufacturing a controlled substance and second-degree assault in Limestone County, Alabama. Each conviction would independently qualify as an ACCA predicate, but the Probation Office could not conclusively determine whether the two offenses were "committed on occasions different from one another," as required under § 924(e)(1). Consequently, the Probation Office treated the two Alabama convictions as a single predicate offense.
*440 The second and third ACCA predicates stemmed from Hennessee's 2006 convictions for aggravated robbery and attempted aggravated robbery in Davidson County, Tennessee. The indictment charged Hennessee with committing both offenses on March 3, 2005 in Davidson County. Hennessee pled guilty to both, and the judgments of conviction were entered on February 23, 2006. Unlike in the Limestone County case, the Probation Office could discern facts in the Davidson County record that indicated Hennessee committed the offenses on different occasions. A review of the transcript reveals that, during Hennessee's plea colloquy, the government proffered a factual basis for the guilty plea and described the timing and locations of the offenses as follows:
[T]he State's witnesses would be available and the testimony would be that in the early morning hours, around five o'clock -- four-thirty or five o'clock -- in the morning of March 3rd, 2005 Mr. Hennessee and his codefendant Mr. Reeves -- first individual approached was the gentleman in Count Two Mr. Alah Basabi (ph.), who would testify that he was approached by two individuals, that he would identify as Mr. Hennessee and Mr. Reeves, in the parking lot of his apartment, which was here in Davidson County, Tennessee (unintelligible) 960 Edmondson Pike.
...
And just a few minutes later a Ms. Terry Wainwright was, actually, stopped at a gas station ... Mapco Express on Smith Springs Road, getting gas about five-twenty a.m. when two individuals approached her.
...
Both these events occurred here in Davidson County.
DE 24-3, Davidson County Plea Tr., Page ID 94-95.[1] At the end of the government's summary, the court asked Hennessee whether the facts as described by the government were true, and Hennessee said yes.[2] Based on Hennessee's 2006 plea colloquy, the Probation Office concluded that the two Tennessee offenses were committed on occasions different from one another. Thus, it recommended that the district court find Hennessee had the requisite three ACCA predicate offenses to qualify as an armed career criminal.
Hennessee objected, arguing that the government could not show that he committed the Tennessee offenses on different occasions. Hennessee reasoned that our precedent prohibits sentencing courts from considering any "features of the prior conviction" other than the "elements of the prior offense," and the times and locations on which the government relied were not elements of his prior offenses under Tennessee law. DE 18, Hennessee Sentencing Position, Page ID 29. Thus, he argued that *441 the district court could only look to the elements of his offenses when conducting its different-occasions analysis.
The district court agreed with Hennessee, concluding that Supreme Court and Sixth Circuit precedent prohibited it from considering any "non-elemental facts"[3] when determining whether Hennessee's Tennessee offenses were committed on different occasions. Because the elements of Hennessee's aggravated robbery and attempted aggravated robbery convictions are silent as to the time and location of each offense, the district court concluded that it could not designate Hennessee as an armed career criminal. The court perceived some tension among cases in the Sixth Circuit regarding what sources and facts a court may consider when determining whether prior offenses were committed on different occasions, stating that "at some point the Sixth Circuit's going to have to clarify this," because district courts "need clarification" on this issue. DE 28, Sentencing Tr., Page ID 128-131.
The district court found that Hennessee was not subject to the penalty enhancement under the ACCA and sentenced him to 110 months in prison, which both parties agreed was the appropriate sentence in the absence of an armed-career-criminal designation. The district court entered its judgment on July 18, 2018. The government timely appealed, arguing that Hennessee qualifies as an armed career criminal and that the district court erred in declining to consider non-elemental facts in conducting the different-occasions analysis.
II.
The issues before us are twofold: (1) whether a sentencing court may consider non-elemental facts in its ACCA different-occasions analysis, and (2) whether Hennessee's prior Tennessee offenses were committed on occasions different from one another. We review both questions of law de novo . United States v. Southers , 866 F.3d 364, 369 (6th Cir. 2017) ("We review the district court's decision that Defendant's offenses were committed on separate occasions under the ACCA de novo ."); United States v. King , 853 F.3d 267, 270 (6th Cir. 2017) ("We review de novo the issue of what evidence a court may rely on when deciding whether prior offenses were 'committed on occasions different from one another' as that phrase is used in the ACCA.").
III.
The ACCA imposes a mandatory minimum of fifteen years for any person who, in relevant part, "violates section 922(g) of this title and has three previous convictions ... for a violent felony ... committed on occasions different from one another." 18 U.S.C. § 924(e)(1). This requires two separate inquiries: (1) whether prior convictions qualify as ACCA-predicates, and (2) whether such offenses were committed on different occasions. The case before us concerns only the different-occasions analysis.
The district court concluded that Supreme Court and Sixth Circuit precedent prohibited it from looking to "non-elemental facts"-here, the times and specific locations of Hennessee's Tennessee offenses-when determining whether two prior felonies were committed on different occasions. Under this approach, the district *442 court refused to consider the facts as described during Hennessee's plea colloquy. Limiting itself to only elemental facts in Shepard documents, the district court concluded that the government did not prove that Hennessee committed the Tennessee offenses on different occasions. The district court thus declined to apply the ACCA enhancement to Hennessee's sentence.
The district court implored us to clarify the law of the Sixth Circuit as it pertains to evidentiary-source limitations in the different-occasions analysis. And with this opinion, we do. We now clarify that King adopted the Taylor - Shepard evidentiary-source restriction for the different-occasions analysis and created no limitation on a sentencing court's consideration of non-elemental facts contained within Shepard documents. See King , 853 F.3d 267. This reading of King accords with the approach adopted by the Second, Fourth, Fifth, Seventh, Tenth, Eleventh, and D.C. Circuits. See, e.g. , United States v. Bordeaux , 886 F.3d 189, 196 (2d Cir. 2018) ; Dantzler , 771 F.3d at 143, 145 ; United States v. Span , 789 F.3d 320, 326 (4th Cir. 2015) ; Kirkland v. United States , 687 F.3d 878, 883 (7th Cir. 2012) ; United States v. Boykin , 669 F.3d 467, 471 (4th Cir. 2012) ; United States v. Sneed , 600 F.3d 1326, 1333 (11th Cir. 2010) ; United States v. Thomas , 572 F.3d 945, 950 (D.C. Cir. 2009) ; United States v. Fuller , 453 F.3d 274, 279 (5th Cir. 2006) ; United States v. Taylor , 413 F.3d 1146, 1157-58 (10th Cir. 2005). These courts have all previously determined that only Shepard documents may be examined when conducting a different-occasions analysis. They have not, however, imported an elemental-facts-only limitation into the different-occasions analysis, nor do we do so today.
In United States v. King , we adopted the Taylor - Shepard source limitation and applied it with equal force to the ACCA's different-occasions analysis. King , 853 F.3d at 269 (adopting Shepard 's holding that sentencing courts may review only Shepard -approved documents, including charging document, written plea agreement, transcript of plea colloquy, jury instructions, judgment of conviction, or other record of comparable findings of fact adopted by the defendant upon entering a guilty plea, to determine whether a defendant's prior crimes satisfy the ACCA) (citing Shepard v. United States , 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) and Taylor v. United States , 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) ). The issue before us in King was as follows: "When a federal district court is tasked with determining whether a defendant's prior offenses were 'committed on occasions different from one another' ... , is the court restricted to using only the evidentiary sources approved in Taylor and Shepard ?" Id. (internal citations omitted). We answered yes and reversed because the district court reviewed a non- Shepard -approved bill of particulars. Id. at 269, 278. In short, we held in King that a sentencing judge may "identify the who, when, and where of the prior offenses" in its different-occasions analysis but is constrained to "the evidentiary sources and information approved by the Supreme Court in Taylor and Shepard ." Id. at 274-75. In reaching this conclusion, we recognized that the same "legal and policy rationales" underpinning the source limitation in the ACCA-predicate analysis also applied in the different-occasions context. Id. By limiting a sentencing court's repertoire to Shepard documents, we sought to prevent the judge from finding facts not admitted by the defendant. See id. at 272 (citing Shepard , 544 U.S. at 25-26, 125 S.Ct. 1254 ). We recognized that, without such evidentiary restrictions, a sentencing court may "very *443 well abridge the defendant's Sixth and Fourteenth Amendment rights." Id.
The district court interpreted King differently. The district court read King 's reliance on two post- Shepard cases, Descamps and Mathis , as a signal that sentencing courts are not only restricted to Shepard documents in the different-occasions analysis, but also limited to elemental facts inside those documents. In Descamps v. United States , the Court refused to authorize a modified categorical approach and permit the consideration of extra-statutory evidence- Shepard documents-in the ACCA-predicate context when the statute in question is indivisible . 570 U.S. 254, 267-69, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013). Otherwise, the sentencing court could make its own finding of fact about the means by which the defendant committed the offense and run afoul of the Sixth Amendment guarantee. See id. at 269, 133 S.Ct. 2276 ; see also Apprendi , 530 U.S. at 490, 120 S.Ct. 2348. In Mathis v. United States , the Court counseled again that "a judge cannot go beyond identifying the crime of conviction to explore the manner in which the defendant committed that offense." --- U.S. ----, 136 S. Ct. 2243, 2252, 195 L.Ed.2d 604 (2016). To comply with the Sixth Amendment, the sentencing court may not stray beyond the elements of the prior offense "to determine the means by which [a defendant] committed his prior crimes." Id. at 2253. But the district court's interpretation of King 's reliance on Descamps and Mathis is flawed. In King , we drew upon the reasoning in Descamps and Mathis that the Shepard - Taylor source restriction quells constitutional concerns and is therefore appropriate in the different-occasions analysis. We did not, however, import Descamps 's and Mathis 's elements-means distinction or elemental-facts restriction to our different-occasions analysis.
Indeed, in King we recognized that, "because facts relevant to the different-occasions inquiry, such as the time and location of the prior offense, are most often not elements of the offense, a proceeding to answer the different-occasions question may well be more extensive than one to answer the ACCA-predicate question." King , 853 F.3d at 273 (citing United States v. Dantzler , 771 F.3d 137, 143-44 (2d Cir. 2014) ). This is intuitive. If Congress sought to avoid mini-trials on ACCA determinations-which it did, see id. -then the sentencing court must be equipped to answer both the ACCA-predicate inquiry and the different-occasions inquiry. A sentencing judge can still make the ACCA-predicate determination under both the Shepard - Taylor source limitation and the elemental-facts-only restriction. A sentencing judge would be hamstrung, however, in making most different-occasions determinations if he or she were only allowed to look to elemental facts in Shepard documents which rarely involve date, time, or location. Such a restriction would not make sense; it would render violent-felony convictions adjudged together by the same court inseparable in the different-occasions context.
To illustrate, consider a defendant with six prior convictions that qualify as ACCA-predicate violent felonies: one for aggravated assault and five for aggravated robbery. The aggravated assault conviction stands alone, but the five aggravated robberies were charged in the same indictment, pled guilty to at the same time, and contained in the same judgment of conviction. Even though this defendant had robbed five different businesses in different cities across a twelve-hour period, the indictment simply indicated that all five occurred on the same day in the same county. Assume, however, that during the plea colloquy for the five aggravated robberies, the defendant admitted to the facts *444 describing the separate locations and times of each (non-elemental facts). Under Hennessee's theory, the district court could not consider the admission of these facts describing locations and times. But this theory reads too many restrictions into the Shepard - Taylor source limitation and unduly hinders a district court's ability to determine whether offenses occurred on different occasions.
Therefore, we find that the district court erred in confining itself to only elemental facts within Shepard -approved documents when conducting its different-occasions analysis. We hold that a district court may consider both elemental and non-elemental facts contained in Shepard -approved documents to determine whether prior felonies were committed on occasions different from one another for purposes of the ACCA.
IV.
We now turn to the Shepard -approved documents from his Davidson County convictions to determine whether Hennessee committed the two Tennessee offenses of attempted aggravated robbery and aggravated robbery on different occasions for purposes of the ACCA. To answer this question, we employ the well-established Paige test. United States v. Pham , 872 F.3d 799, 802 (6th Cir. 2017) (citing United States v. Paige , 634 F.3d 871, 873 (6th Cir. 2011) ). Under the Paige test, two offenses are committed on different occasions if:
(1) "it is possible to discern the point at which the first offense is completed, and the subsequent point at which the second offense begins"; (2) "it would have been possible for the offender to cease his criminal conduct after the first offense, and withdraw without committing the second offense"; or (3) "the offenses are committed in different residences or business locations."
Southers , 866 F.3d at 369 (emphasis in original) (quoting United States v. Jones , 673 F.3d 497, 503 (6th Cir. 2012) ); see also United States v. Hill , 440 F.3d 292, 297-98 (6th Cir. 2006). If Hennessee's prior Tennessee convictions satisfy any one of the three prongs, we can conclusively say they were committed on different occasions for purposes of the ACCA. See Jones , 673 F.3d at 503. Because the facts contained within Shepard documents-namely, Hennessee's Davidson County plea colloquy transcript[4] -satisfy all three prongs of the Paige test, we hold that Hennessee committed these offenses "on occasions different from one another." See 18 U.S.C. § 924(e)(1).
Under the first prong, we can discern the point at which the first offense-attempted aggravated robbery of Aljashami-was complete and the second offense-aggravated robbery of Wainwright-began. Hennessee attempted to rob Aljashami in his apartment *445 parking lot at 960 Edmondson Pike sometime between 4:30 and 5:00 a.m. on March 3, 2005. When Hennessee realized Aljashami did not have any money, Hennessee gave up and left. At that point, Hennessee's first offense was complete. Then, around 5:20 a.m., Hennessee approached Wainwright at a gas station on Smith Springs Road and robbed her at gunpoint. Hennessee's departure from Aljashami's apartment parking lot marked the completion of his first offense, and his approaching Wainwright at the gas station twenty to fifty minutes later marked the beginning of his second offense. Thus, we find it "possible to discern the point at which the first offense [was] completed, and the subsequent point at which the second offense [began]." See Southers , 866 F.3d at 369. The first prong of the Paige test is satisfied.
Under the second prong, we conclude that it would have been possible for Hennessee to cease his criminal conduct after his failed attempt to rob Aljashami and withdraw without committing the aggravated robbery of Wainwright. After the attempted robbery of Aljashami in the apartment parking lot, Hennessee could have stopped and gone home. Instead, he proceeded to the gas station where he robbed Wainwright. Thus, "it would have been possible for [Hennessee] to cease his criminal conduct after the first offense, and withdraw without committing the second offense." See id. This is enough to satisfy Paige 's second prong.
Under the third prong, we can easily determine that Hennessee committed these offenses in different residences or business locations. Hennessee committed the attempted aggravated robbery of Aljashami at 960 Edmondson Pike in the parking lot of Aljashami's apartment building. Hennessee committed the aggravated robbery of Wainwright at a Mapco Express gas station on Smith Springs Road. Because the apartment parking lot and gas station are clearly "different residences or business locations," see id. , Hennessee's offenses satisfy Paige 's third prong.
We note that there is significant overlap in our analyses of all three prongs: Hennessee's first offense and second offense were committed against different victims, in different locations, and at different times. This redundancy simply fortifies our conclusion that Hennessee committed these offenses on different occasions. Further, that he committed the attempted aggravated robbery and aggravated robbery only twenty to fifty minutes apart does nothing to undermine this conclusion. See United States v. Banner , 518 F. App'x 404, 406 (6th Cir. 2013) (noting that "the amount of time between the individual offenses is relatively unimportant" as long as the offenses meet any of the prongs of the Paige test). Similarly, it is irrelevant that Hennessee committed both offenses in the same city or county when we can discern that he committed one in an apartment parking lot and one at a gas station. See Paige , 634 F.3d at 873 (finding that five robberies were committed on "different occasions" despite being "close in location").
Based on the facts contained within Shepard -approved documents from Hennessee's Tennessee convictions, we find all three prongs of the Paige test satisfied.[5] We conclude that his prior offenses were committed on "occasions different from one another," 18 U.S.C. § 924(e)(1), and that Hennessee is therefore subject to the sentence enhancement under the ACCA.
*446 V.
For the foregoing reasons, we vacate Hennessee's sentence and remand to the district court for resentencing with instructions to apply the enhancement under the Armed Career Criminal Act.

There are some discrepancies between the victims' names listed in the indictment and at the plea colloquy. Count 1 of the indictment charged Hennessee with aggravated robbery of "Jerry Wainwright," and Count 2 charged him with attempted aggravated robbery of "Mudhafar J. Aljashami." DE 24-1, Davidson County Indictment, Page ID 81-82. We can discern that "Alah Basabi" is the phonetic spelling of Aljashami and that "Jerry" Wainwright and "Terry" Wainwright are the same individual. Regardless, these spelling errors do not alter our analysis or the fact that Hennessee pled guilty to each offense charged in the indictment. We are looking at two different victims here: Aljashami (or Alah Basabi) in the attempted aggravated robbery and Wainwright (Terry or Jerry) in the aggravated robbery.

The court specifically asked Hennessee "Are those facts basically true?" DE 24-3, Davidson County Plea Tr., Page ID 95. We do not read "basically" as qualifying how true the facts were or affecting Hennessee's admission of their truth.

As defined by the Supreme Court, "non-elemental facts" are "amplifying but legally extraneous circumstances," as distinct from the elements of a crime. Descamps v. United States , 570 U.S. 254, 270, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013). Elemental facts are "those constituting elements of the offense" and "the only facts the court can be sure the jury so found." Id.

On appeal, Hennessee argues that his plea colloquy is insufficient to demonstrate that he committed the offenses on different occasions because his admission to the government's factual proffer "did not necessarily establish" the times or locations at which he committed the offenses. CA6 R. 16, Appellee Br., at 30. We find his argument unpersuasive. As explained above, a plea colloquy transcript is a Shepard -approved document that the court may examine in a different-occasions analysis. Hennessee admitted under oath that the factual basis proffered by the prosecutor was true. In addition, the sentencing judge in the Davidson County case explicitly informed Hennessee before he admitted the facts or pled guilty that "these convictions today can be used to increase, or enhance, the punishment of any future felony offenses[.]" DE 24-3, Davidson County Plea Tr., Page ID 91. Thus, any argument that Hennessee had "no motivation to quibble" or dispute the facts is undercut by the fact that Hennessee knew the potential implications of that plea hearing.

We reiterate, of course, that the facts need only satisfy one prong of the Paige test to establish that offenses were committed on different occasions.