**NOT RECOMMENDED FOR PUBLICATION**
File Name: 19a0521n.06

**No. 18-5327**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| LONNIE GREER, JR., | ) | **FILED** |
| | ) | Oct 16, 2019 |
| Petitioner-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| UNITED STATES OF AMERICA, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| Respondent-Appellant. | ) | |
| | ) | |

**BEFORE: BOGGS, SUHRHEINRICH, and WHITE, Circuit Judges.**

**BOGGS, Circuit Judge.** This case raises two issues under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §924(e), both of which have recently been adjudicated by this court. Under the ACCA, a felon in possession of a firearm who has three prior convictions for violent felonies committed on different occasions is subject to a mandatory minimum 15-year sentence. In 2012, Lonnie Greer, Jr., ("Greer") pled guilty to being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Greer was sentenced as an armed career criminal under the ACCA based on four prior Tennessee convictions, three for aggravated burglaries and one for robbery. In this appeal, the salient questions are whether Tennessee's statutory crime of aggravated burglary qualifies as a crime of violence under the ACCA, and whether the government can rely on *Shepard* documents to prove that prior convictions were committed on "different occasions." The answer to both questions is yes.

While the answer is simple, the procedural background is not. In his 2012 federal proceedings, Greer pled guilty and stipulated to a sentence of 180 months in prison. In 2016, Greer

filed a 28 U.S.C. § 2255 motion, challenging his ACCA career-criminal classification in light of *Johnson v United States*, 135 S. Ct. 2551 (2015), which held the ACCA's residual clause was unconstitutional. The government responded that the residual clause was irrelevant, because the ACCA applied to Greer based on his committing three state crimes that counted as enumerated violent felonies under the ACCA. The district court stayed the §2255 proceeding because the question of whether Tennessee's aggravated burglary qualified as generic burglary under the ACCA was being litigated before this court.

In 2017, this court held that Tennessee's aggravated burglary was not a violent felony for purposes of the ACCA. *United States v. Stitt*, 860 F.3d 854, 856 (6th Cir. 2017) (en banc). Following *Stitt*, the district court vacated Greer's original ACCA sentence and resentenced Greer to 120 months in prison. After Greer's resentencing, the United States Supreme Court reversed *Stitt* and held that Tennessee's aggravated burglary was indeed a violent felony under the ACCA. *United States v. Stitt*, 139 S. Ct. 399 (2018) ("*Stitt II*"). On July 11, 2019, a panel of this court, applying *Stitt II,* held that convictions under Tennessee's aggravated burglary statute qualify as generic burglary under the ACCA and thus can count toward subjecting qualifying offenders to the 15-year mandatory minimum sentence. *Brumbach v. United States*, 929 F.3d 791 (6th Cir. 2019). A petition for rehearing en banc was denied and *Brumbach* is now precedential.

The government is asking this court to vacate Greer's reduced sentence and reinstate his original 180-month sentence. We hold that, under *Brumbach*, Greer's three aggravated burglaries in Tennessee qualify as generic burglary and thus as violent felonies under the ACCA. As such, Greer is subject to the ACCA's mandatory minimum 15-year sentence.

For the first time, Greer raises a different-occasions argument based on the ACCA's provision that a defendant's three prior violent felonies must have been "committed on occasions

different from one another." 18 U.S.C. § 924(e)(1).  Greer argues that the government cannot prove that his prior offenses were committed on different occasions and that the district court is precluded from considering non-elemental facts in *Shepard* documents when conducting a different-occasion analysis.  However, this argument of evidentiary-source limitation in a different-occasion analysis was recently rejected by another panel of this court, which held that "a sentencing court may consider non-elemental facts such as times, locations, and victims in *Shepard* documents when conducting the different-occasions analysis . . . ."  *United States v. Hennessee*, 932 F.3d 437, 439 (6th Cir. 2019), *petition for cert. filed*, Sept. 9, 2019 (No. 19-5924).  Here, the *Shepard* documents show that Greer burglarized three different residences on three different dates.  Greer's different-occasions argument is both untimely and precluded by *Hennessee*.

For the foregoing reasons we VACATE Greer's amended sentence and REMAND to the district court with instructions to reinstate Greer's original 180-month sentence.