NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0354n.06

No. 19-5396

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jun 16, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES COURT |
| | ) | FOR THE EASTERN |
| KEVIN S. ABNEY, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | | |

**Before: GIBBONS, McKEAGUE, and STRANCH, Circuit Judges.**

JULIA SMITH GIBBONS, Circuit Judge. Kevin Abney pled guilty to possession with intent to distribute fentanyl, possession of firearms in furtherance of drug trafficking, and possession of a firearm as a convicted felon. Because Abney had three convictions in Kentucky for complicity in first-degree robbery, the district court found Abney to be an armed career criminal and sentenced him to 240 months' imprisonment. On appeal, Abney argues that the first-degree robbery convictions cannot render him an armed career criminal because those convictions arise from a single offense. Because the robberies were of three separate business locations, we disagree and affirm the district court's judgment.

I.

In December 2018, Abney pled guilty to possession with intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C § 924(c)(1)(A), and possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Abney's presentence report designated him an armed career

criminal based on three[1] prior convictions for complicity in first-degree robbery in Kentucky. Those convictions arose from robberies of three convenience stores on August 8, 1998.

Abney objected to the armed career criminal designation, arguing that because the conviction was for complicity, it is possible that a single offense gave rise to the three complicity convictions. The district court overruled Abney's objection, finding that "under Kentucky law the complicty itself is one manner in which the person can commit the robbery offense," and that the court could "determine when the first offense . . . ended and the second began" as well as "the different residences or business locations" where the robberies occurred. DE 38, Sentencing Tr., Page ID 252–54. Accordingly, the district court sentenced Abney to 240 months' imprisonment. Abney timely appealed.

II.

We review the district court's conclusion that Abney qualified as an armed career criminal *de novo*. *United States v. Hennessee*, 932 F.3d 437, 441 (6th Cir. 2019).

The Armed Career Criminal Act ("ACCA") requires district courts to impose a mandatory fifteen-year term of imprisonment on a defendant who "has three previous convictions . . . for a violent felony." 18 U.S.C. § 924(e)(1). We have previously held that Kentucky first-degree robbery is an ACCA-predicate offense. *United States v. Ingram*, 733 F. App'x 812, 816 (6th Cir. 2018); *United States v. Elliott*, 757 F.3d 492, 495–96 (6th Cir. 2014) (facilitation to commit first-degree robbery). Because a complicity conviction in Kentucky requires proof of each element of the underlying offense, *Parks v. Commonwealth*, 192 S.W.3d 318, 326–27 (Ky. 2006), Abney's conviction for complicity in first-degree robbery also constitutes an ACCA-predicate offense.

---

[1] Abney was also convicted of complicity in first degree robbery of Russell A. Anderson, a customer at one of the convenience stores Abney robbed on August 8, 1998. For purposes of determining whether Abney is an armed career criminal, the government disclaims any reliance on the conviction arising from the robbery of Anderson. For that reason, this opinion references three convictions for complicity in first-degree robbery, not four.

*United States v. Johnson*, 933 F.3d 540, 547 (6th Cir. 2019) ("If the underlying crime has the necessary physical force element and a conviction for complicity requires proof of the underlying crime, then the complicity conviction necessarily includes the physical force element.")

Abney does not argue that complicity in first-degree robbery in Kentucky is not an ACCA-predicate offense; instead, he argues that the district court erred by concluding that his three convictions were for three distinct offenses. The government must demonstrate by a preponderance of the evidence that Abney's convictions represent different offenses. *United States v. Barbour*, 750 F.3d 535, 546 (6th Cir. 2014). And the government must do so through *Shepard* documents—that is, charging documents, plea agreements, judgments, and other judicial records of the predicate offenses. *Hennessee*, 932 F.3d at 444.

When determining whether offenses were committed on different occasions, we look to the following so-called *Hill* guideposts: (1) "Is it possible to discern the point at which the first offense is completed and the subsequent point at which the second offense begins?" (2) "Would it have been possible for the offender to cease his criminal conduct after the first offense and withdraw without committing the second offense?" or (3) "Were the offenses committed in different residences or business locations?" *United States v. Wooden*, 945 F.3d 498, 504 (6th Cir. 2019) (citing *United States v. Hill*, 440 F.3d 292, 297–98 (6th Cir. 2006)). We have repeatedly stated that "[o]ffenses are separate if they meet any of these three tests." *United States v. Jones*, 673 F.3d 497, 503 (6th Cir. 2012) (emphasis omitted); *see also Hennessee*, 932 F.3d at 444. Moreover, where "the judgments and indictments establish that the robberies occurred at . . . different business locations," a district court does not err in concluding the robberies are distinct predicate offenses, other *Hill* guideposts notwithstanding. *United Sates v. Southers*, 866 F.3d 364, 369 (6th Cir. 2017).

*Southers* alone defeats Abney's appeal. The *Shepard* documents show that the robberies occurred in separate geographic locations. *Wooden*, 945 F.3d at 504. The indictment reveals that Abney participated in the robbery of "Discount Tobacco," "Redi-Mart," and the "Chevron Station." DE 22-1, Indictment, Page ID 103–04. Although no *Shepard* document provides the addresses of those convenience stores, they are indisputably different places. Abney does not attempt to argue otherwise. Nor should he; we have found offenses occurred at different locations even where the offenses occurred in storage units that were "adjoined 'at the same business location.'" *Wooden*, 945 F.3d at 505 (citation omitted). Abney's robberies at three *separate* business locations, then, easily passes the distinct locations test. Accordingly, the district court did not err in concluding that his three convictions were for distinct offenses.

Common sense bolsters this conclusion. Abney was charged with and pled guilty to three counts of first-degree robbery. Complicity under Kentucky law is not a separate offense, but instead a theory of liability requiring proof of each element of the underlying offense. *Parks*, 192 S.W.3d at 326–27. Abney must have thrice participated in a robbery accomplished by the "use[] or threat[ of] immediate use of physical force upon another person," Ky. Rev. Stat. § 515.020(1), the very element that renders a conviction of first-degree robbery in Kentucky an ACCA-predicate offense. *Elliot*, 757 F.3d at 496. The *Shepard* documents confirm as much. The indictment provides that Abney "threaten[ed] the use of physical force while armed with a dangerous instrument and in the course of committing a theft" at "Discount Tobacco," "Redi-Mart," and a "Chevron Station." DE 22-1, Indictment, Page ID 103–04.

Abney's attempts to avoid this conclusion are unconvincing. First, he argues that the government cannot meet each of the *Hill* guideposts because his conviction under a complicity theory of liability renders the government unable to prove that he could have ceased his criminal

conduct after the first offense and before committing the second offense. The government concedes as much. But the government need not satisfy each of the *Hill* guideposts. *Jones*, 673 F.3d at 503. That is especially true where the convictions are for robbery. *Southers*, 866 F.3d at 369. In *Southers*, we affirmed the district court's determination that the defendant's robbery convictions were distinct offenses without even addressing the other two *Hill* guideposts after determining that the robberies occurred at separate business locations. *Id.*

Second, Abney attempts to undermine the *Shepard* documents. Abney asserts that, because the Final Judgment "referenced one sole and single 'said crime,'" the *Shepard* documents evidence only one offense. CA6 R. 52, Appellant Br., at 17 (quoting DE 22-2, Final J. and Sentence, Page ID 110). That is misleading; evidence of multiple crimes abounds in the *Shepard* documents. In addition to the examples discussed elsewhere, the Final Judgment that Abney quotes itself notes that Abney pled guilty to "the *crime(s)* of Four Counts of Complicity to Robbery First Degree" and that the Commonwealth recommended a sentence of "[t]en years on *each count*." DE 22-2, Final J. and Sentence, Page ID 110 (emphasis added). Abney also notes that his ultimate sentence—twenty years' imprisonment—was the same as the maximum sentence for one count of complicity in first-degree robbery. But, again, Abney ignores overwhelming evidence in the judgment showing that he received a sentence for each count. For example, the Final Judgment explains that, for "the crime(s) of Four Counts of Complicity to First Degree Robbery" Abney was to be sentenced to "[t]en years on each count, two counts to run consecutive, the remainder to run concurrent." DE 22-2, Final J. and Sentence, Page ID 112.

## III.

Because Abney's three convictions for complicity in first-degree robbery involved robbery of three different business locations, the convictions constitute distinct offenses. Each conviction,

therefore, counts as an ACCA-predicate offense. And, because Abney has three predicate-offenses, he must face an ACCA-enhanced sentence. The judgment of the district court is affirmed.