**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0358n.06

Case No. 18-5531

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jun 18, 2020
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| DENNIS PLEMONS, | ) | TENNESSEE |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE: SILER, MOORE, and NALBANDIAN, Circuit Judges.

**SILER**, **Circuit Judge.** Dennis Plemons was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was originally sentenced under the Armed Career Criminal Act ("ACCA") based on his prior Tennessee convictions, including two aggravated assaults and one aggravated burglary. However, the sentence was vacated after this court ruled en banc in *United States v. Stitt* that Tennessee aggravated burglary does not qualify as a violent felony for purposes of the ACCA. Plemons was then resentenced without an ACCA enhancement. The government appealed and while the appeal was pending the U.S. Supreme Court overturned *Stitt*. The Sixth Circuit has interpreted the Supreme Court's decision as reinstating pre-*Stitt* Sixth Circuit case law, which recognizes Tennessee aggravated burglary as a violent felony under the ACCA. Therefore, we REVERSE and REMAND for resentencing under the ACCA.

I.

In 2014, Plemons pled guilty to possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). He had several prior Tennessee convictions, including two aggravated assault convictions and one aggravated burglary conviction and was sentenced to 188 months' imprisonment as an armed career criminal under 18 U.S.C. § 924(e)(1), which mandates a minimum of 180 months' imprisonment.

Plemons appealed his sentence. While the appeal was pending we decided that Tennessee's aggravated burglary statute is broader than generic burglary, such that "Tennessee aggravated burglary is not a violent felony for purposes of the ACCA." *United States v. Stitt*, 860 F.3d 854, 856 (6th Cir. 2017) (en banc), *rev'd*, *United States v. Stitt*, 139 S. Ct. 399 (2018). This court vacated Plemons's sentence and remanded the case because his armed-career-criminal classification depended in part upon his prior Tennessee aggravated burglary conviction.

On remand the district court recalculated Plemons's guideline range without the ACCA enhancement and sentenced him to 90 months' imprisonment. At the sentencing hearing the government noted that it had petitioned the Supreme Court for certiorari to review *Stitt* and sought to preserve review of Plemons's sentence if the Supreme Court did in fact overturn *Stitt*. In 2018 the Supreme Court unanimously reversed *Stitt*. *See United States v. Stitt*, 139 S. Ct. 399, 403–08 (2018).

II.

We review de novo the district court's interpretation and application of the ACCA. *See United States v. Stafford*, 721 F.3d 380, 395–96 (6th Cir. 2013). Plemons argues that plain error review should apply because "the government presented no argument in support of its brief statement that *Stitt* could one day be overturned." However, the government raised the issue to the

district court several times, adequately preserving the issue for review. *See, e.g.*, *United States v. Brown*, No. 18-5356, 2020 U.S. App. LEXIS 13269, at *6 (6th Cir. Apr. 24, 2020). Accordingly, we review de novo.

III.

The ACCA provides enhanced penalties, including a fifteen-year mandatory-minimum prison sentence, for a felon who possesses a firearm if the defendant has three or more prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). "Violent felony" is defined as:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.[1]

*Id.* § 924(e)(2)(B). Courts interpret "this section to create three different grounds for liability: the 'use-of-force' clause in § 924(e)(2)(B)(i); the 'enumerated-offenses' clause in § 924(e)(2)(B)(ii); and the 'residual clause' immediately following the enumerated-offenses in § 924(e)(2)(B)(ii)." *See United States v. Priddy*, 808 F.3d 676, 683 (6th Cir. 2015).

The statute explicitly lists burglary as a violent felony in the enumerated-offense clause. However, a burglary conviction does not qualify as a violent felony under this clause if "the elements of [the relevant state burglary statute] are broader than those of generic burglary." *Mathis v. United States*, 136 S. Ct. 2243, 2257 (2016). Courts use "a categorical approach" to determine if a state burglary statute is broader than generic burglary by "compar[ing] the elements of the

---

[1] The residual clause, "or otherwise involves conduct that presents a serious potential risk of physical injury to another," has been invalidated and deemed unconstitutionally vague. *See Johnson v. United States*, 135 S. Ct. 2551, 2557, 2563 (2015).

statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—i.e., the offense as commonly understood." *See Priddy*, 808 F.3d at 683 (quoting *Descamps v. United States*, 570 U.S. 254, 257 (2013)). Therefore, a prior conviction qualifies as a violent felony under the ACCA "only if the statute's elements are the same as, or narrower than, those of the generic offense." *Descamps*, 570 U.S. at 257. "[M]odest . . . deviations from the generic definition" are acceptable "so long as the state law in question 'substantially corresponds' to (or is narrower than) generic burglary." *Quarles v. United States*, 139 S. Ct. 1872, 1880 (2019) (quoting *Taylor v. United States*, 495 U.S. 575, 602 (1990)).

Generic burglary is "any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor*, 495 U.S. at 599. In Tennessee "[a]ggravated burglary is burglary of a habitation." Tenn. Code Ann. § 39-14-403(a). "Habitation" means "any structure, including buildings, module units, mobile homes, trailers, and tents, which is designed or adapted for the overnight accommodation of persons." Tenn. Code Ann. § 39-14-401(1)(A). This also includes "a self-propelled vehicle that is designed or adapted for the overnight accommodation of persons and is actually occupied at the time of initial entry by the defendant." Tenn. Code Ann. § 39-14-401(1)(B).

In *Stitt*, we held that Tennessee's aggravated burglary statute criminalized more conduct than generic burglary and therefore cannot qualify as a violent felony under the ACCA. *See Stitt*, 860 F.3d at 857, 862. However, the Supreme Court held that burglary of a structure adapted for overnight accommodation qualifies as a violent felony under the ACCA. *See Stitt*, 139 S. Ct. at 405–07.

Here, Plemons was originally sentenced as an armed career criminal based on his prior Tennessee convictions for two aggravated assaults and one aggravated burglary. This sentence was vacated because of the Sixth Circuit's decision in *Stitt*, which has now been overturned. With this line of argument now foreclosed by Supreme Court precedent, Plemons makes two additional arguments for why his case should not be remanded for resentencing under the ACCA: (1) Tennessee burglary's entry element is broader than generic burglary's entry element; and (2) his prior offenses did not occur on separate occasions. Both arguments are foreclosed by precedent.

A.

First, Plemons argues that Tennessee aggravated burglary's entry element is broader than generic burglary's entry element. Plemons focuses on the entry-by-instrument form of burglary. This occurs when an instrument, such as a screwdriver or coat hanger, crosses a structure's threshold but no part of the person crosses it. Plemons argues that under generic burglary this is an entry only if the person also used or intended to use the instrument to commit a further felony inside. Under this definition if the instrument is only used to make entry, then no "entry" was made and the individual committed attempted burglary instead of burglary.

Plemons contends that Tennessee's aggravated burglary statute is broader because the use of an instrument to cross the threshold of a structure is enough to commit burglary in Tennessee. A defendant made the same argument in *Brumbach v. United States*, 929 F.3d 791, 795 (6th Cir. 2019), *cert. denied*, 2020 U.S. LEXIS 747 (Jan. 27, 2020). The court held that even if there was merit to the argument, such an argument is foreclosed by Sixth Circuit precedent, specifically the court's decision in *United States v. Nance,* 481 F.3d 882 (6th Cir. 2007). *See Brumbach*, 929 F.3d at 794 ("*Nance*'s holding, which is directly on point, is once again the law of this circuit."). In

*Nance*, the court considered the "statutory elements of Tennessee's aggravated burglary statute" and held "Tennessee aggravated burglary represents a generic burglary capable of constituting a violent felony for ACCA purposes." 481 F.3d at 888.

Accordingly, this court has consistently rejected this entry argument. *See, e.g., United States v. Bailey*, Nos. 18-6131/6147, 2020 U.S. App. LEXIS 5883, at *6–7 (6th Cir. Feb. 26, 2020) ("'*Brumbach* is now precedential' . . . and it dictates the result here: [the defendant's] Tennessee aggravated-burglary conviction qualifies as an ACCA predicate offense under the enumerated-offense clause, and his original ACCA sentence was proper." (quoting *Greer v. United States*, 780 F. App'x 352, 353 (6th Cir. 2019))); *United States v. Crutchfield*, 785 F. App'x 321, 323 (6th Cir. 2019) ("*Brumbach* then held that [*Nance* and *Priddy*] foreclosed new arguments that Tennessee aggravated burglary is not generic burglary."). Most recently, in *Brown* this circuit considered the merits of this entry argument and again rejected the argument. *See* 2020 U.S. App. LEXIS 13269, at *6–20. Therefore, this argument is foreclosed by precedent.

B.

Second, Plemons argues that the records of his convictions cannot establish that he committed the offenses on separate occasions. In order for the ACCA enhancement to apply, the defendant must have committed three violent felonies "on occasions different from one another." § 924(e)(1).

We rejected this argument in *Brown*, 2020 U.S. App. LEXIS 13269, at *23–24, and in *United States v. Hennessee*, 932 F.3d 437, 439 (6th Cir. 2019), *cert. denied*, 2020 U.S. LEXIS 347 (Jan. 13, 2020). In *Hennessee*, the court held that "a sentencing court may consider non-elemental facts such as times, locations, and victims in *Shepard* documents when conducting the different-occasions analysis." 932 F.3d at 439.

Here, the *Shepard* documents show that Plemons committed violent felonies on three different occasions. Based on the facts contained within the *Shepard* documents, Plemons committed his offenses on "occasions different from one another." § 924(e)(1). Accordingly, we also reject this argument.

IV.

We GRANT Plemons's motion to take judicial notice and we REVERSE and REMAND for resentencing under the ACCA.

**KAREN NELSON MOORE, concurring in the judgment.** I recognize that we are bound by *Brumbach v. United States*, 929 F.3d 791 (6th Cir. 2019), *cert. denied*, 140 S. Ct. 974 (2020), to reject Defendant-Appellee Dennis Plemons's arguments that his conviction for aggravated burglary in Tennessee is not a predicate offense under the Armed Career Criminal Act ("ACCA"). However, I maintain that *Brumbach* was wrongly decided and warrants en banc review. But so long as *Brumbach* remains the law of this circuit, it requires us simply to reject Plemons's arguments. *See Brumbach*, 929 F.3d at 795. Accordingly, we should not rely on dicta from *United States v. Brown*, which evaluates the merits of such arguments. *See* 957 F.3d 679, 683–89 (6th Cir. 2020). Because it is sufficient to rely on *Brumbach* alone to reject Plemons's arguments that his Tennessee conviction is not an ACCA predicate, I concur in the judgment.