**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0409n.06

Case No. 17-6535

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jul 16, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| LAWRENCE SCHUMAKER, | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

---

BEFORE: SILER, WHITE, and DONALD Circuit Judges.

**SILER**, Circuit Judge. Lawrence Schumaker was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Under the Armed Career Criminal Act ("ACCA"), a defendant who violates § 922(g) and has three prior violent felony convictions is subject to an enhanced mandatory minimum of fifteen years' imprisonment. *See* 18 U.S.C. § 924(e)(1). When Schumaker was sentenced for violating § 922(g) he had fourteen prior Tennessee aggravated burglary convictions.

Before Schumaker was sentenced this court ruled en banc in *United States v. Stitt* that Tennessee's aggravated burglary statute does not qualify as a violent felony for purposes of the ACCA. Schumaker was then sentenced without an ACCA enhancement to 54 months' imprisonment. The government appealed and while the appeal was pending the U.S. Supreme

Court overturned *Stitt*. This court has interpreted the Supreme Court's decision as reinstating pre-*Stitt* Sixth Circuit case law, which recognizes Tennessee aggravated burglary as a violent felony under the ACCA. Therefore, we REVERSE and REMAND for resentencing under the ACCA.

I.

In 2016, Lawrence Schumaker pled guilty to possessing a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). The district court postponed the sentencing hearing until after we issued an opinion in the *Stitt* case.

In *United States v. Stitt*, we decided that Tennessee's aggravated burglary statute is broader than generic burglary, such that "Tennessee aggravated burglary is not a violent felony for purposes of the ACCA." 860 F.3d 854, 856 (6th Cir. 2017) (en banc). Because his armed-career-criminal classification depended on his prior Tennessee aggravated burglary convictions, the probation office revised Schumaker's presentence report and calculated the guideline range without the ACCA enhancement. Accordingly, the district court sentenced Schumaker to 54 months' imprisonment without the ACCA enhancement.

The government appealed the sentence. While the appeal was pending, the Supreme Court reversed *Stitt*. *United States v. Stitt*, 139 S. Ct. 399 (2018).

II.

We review de novo the district court's interpretation and application of the ACCA. *See United States v. Stafford*, 721 F.3d 380, 395–96 (6th Cir. 2013). Schumaker argues that plain error review should apply because "the government presented no argument in support of its single statement during the sentencing hearing that *Stitt* could one day be overturned."

Here, the government did not raise the issue for the first time on appeal. At the sentencing hearing the government objected to the sentence insofar as it did not include the ACCA

enhancement. After the district court issued its sentence the government timely appealed. The government objected to the lack of the ACCA enhancement at the sentencing hearing and adequately preserved the issue for review. *See, e.g.*, *United States v. Brown*, 957 F.3d 679, 683 (6th Cir. 2020). Therefore, we apply a de novo standard of review.

### III.

The ACCA provides enhanced penalties, including a fifteen-year mandatory-minimum prison sentence, for a felon who possesses a firearm if the defendant has three or more prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). "Violent felony" is defined as:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.[1]

*Id.* § 924(e)(2)(B). Courts interpret "this section to create three different grounds for liability: the 'use-of-force' clause in § 924(e)(2)(B)(i); the 'enumerated-offenses' clause in § 924(e)(2)(B)(ii); and the 'residual clause' immediately following the enumerated-offenses in § 924(e)(2)(B)(ii)." *United States v. Priddy*, 808 F.3d 676, 683 (6th Cir. 2015).

The statute explicitly lists burglary as a violent felony in the enumerated-offense clause. However, a burglary conviction does not qualify as a violent felony under this clause if "the elements of [the relevant state burglary statute] are broader than those of generic burglary." *Mathis v. United States*, 136 S. Ct. 2243, 2257 (2016). Generic burglary is "any crime, regardless of its

---

[1] The residual clause, "or otherwise involves conduct that presents a serious potential risk of physical injury to another," has been invalidated and deemed unconstitutionally vague. *See Johnson v. United States*, 135 S. Ct. 2551 (2015).

exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). In Tennessee, "aggravated burglary is burglary of a habitation." Tenn. Code Ann. § 39-14-403(a). "Habitation' [m]eans any structure, including buildings, module units, mobile homes, trailers, and tents, which is designed or adapted for the overnight accommodation of persons." *Id.* § 39-14-401(1)(A).

In *Stitt*, this court held en banc that Tennessee's aggravated burglary statute criminalized more conduct than generic burglary and therefore cannot qualify as a violent felony under the ACCA. *See Stitt*, 860 F.3d at 857, 862. However, the Supreme Court held that burglary of a structure adapted for overnight accommodation qualifies as a violent felony under the ACCA. *See Stitt*, 139 S. Ct. at 405–07.

Our holding in *Stitt* has now been overturned. Schumaker now makes three additional arguments for why his case should not be remanded for resentencing under the ACCA: (1) Tennessee burglary's entry element is broader than generic burglary's entry element; (2) his burglary convictions could have been for reckless conduct; and (3) his prior offenses did not occur on separate occasions. Each of these arguments is foreclosed by precedent.

A.

First, Schumaker argues that Tennessee aggravated burglary's entry element is broader than generic burglary's entry element. He focuses on the entry-by-instrument form of burglary. This form of burglary occurs when an instrument, such as a screwdriver or coat hanger, crosses a structure's threshold but no part of the person crosses it. Schumaker argues that under generic burglary this is an entry only if the person also used or intended to use the instrument to commit a

further felony inside. Under this definition, if the instrument is only used to make entry, then no "entry" was made, and the individual committed attempted burglary instead of burglary.

Schumaker contends that Tennessee's aggravated burglary statute is broader because the use of an instrument to cross the threshold of a structure is enough to commit burglary in Tennessee. A defendant recently made the same argument in *Brumbach v. United States*. 929 F.3d 791, 795 (6th Cir. 2019), *cert. denied*, 2020 U.S. LEXIS 747 (Jan. 27, 2020). The court held that even if there was merit to the argument, such an argument is foreclosed by Sixth Circuit precedent, specifically the court's decision in *United States v. Nance*. *See id.* at 794 ("*Nance*'s holding, which is directly on point, is once again the law of this circuit."). In *Nance*, the court considered the "statutory elements of Tennessee's aggravated burglary statute" and held that "Tennessee aggravated burglary represents a generic burglary capable of constituting a violent felony for ACCA purposes." 481 F.3d 882, 888 (6th Cir. 2007).

Accordingly, we have consistently rejected this entry argument. *See, e.g.*, *United States v. Bailey*, Nos. 18-6131/6147, 2020 U.S. App. LEXIS 5883, at *6–7 (6th Cir. Feb. 26, 2020) ("'*Brumbach* is now precedential,' and it dictates the result here: [the defendant's] Tennessee aggravated-burglary conviction qualifies as an ACCA predicate offense under the enumerated-offense clause, and his original ACCA sentence was proper." (internal citation omitted)); *United States v. Crutchfield*, 785 F. App'x 321, 323 (6th Cir. 2019) ("*Brumbach* then held that [*Nance* and *Priddy*] foreclosed new arguments that Tennessee aggravated burglary is not generic burglary."). Most recently, in *United States v. Brown*, this circuit considered the merits of this entry argument and again rejected the argument. *See* 957 F.3d at 683–89. Therefore, this argument is foreclosed by precedent.

B.

Second, Schumaker argues that Tennessee's aggravated burglary statute is broader than generic burglary because Tennessee burglary can be committed even when the defendant is reckless. The Supreme Court's definition of generic burglary requires a defendant to have intent to commit a crime. *See Taylor*, 495 U.S. at 599 (defining generic burglary as the "unlawful or unprivileged entry into, or remaining in, a building or structure, *with intent to commit a crime*" (emphasis added)). In Tennessee "[a]ggravated burglary is burglary of a habitation." Tenn. Code Ann. § 39-14-403. Burglary occurs when a person, without the property owner's consent:

> (1) Enters a building . . . not open to the public, *with intent to commit a felony, theft or assault*;
>
> (2) Remains concealed, *with the intent to commit a felony, theft or assault, in a building*;
>
> (3) Enters a building and commits or attempts to commit a felony, theft or assault; or
>
> . . . .

*Id.* § 39-14-402(a) (emphasis added).

Schumaker points out that subsection (a)(3) "does not include an intent requirement related to either the entry into the building or with respect to the commission of the underlying felony, theft or assault." He claims that because there is no intent requirement listed in this subsection the intent can be "knowledge or recklessness." He argues that because burglary could be committed recklessly under subsection (a)(3), it does not qualify as a violent felony under the ACCA.

This argument is foreclosed by precedent. In *Brumbach*, this court clarified that in light of the Supreme Court's decision in *Stitt*, *United States v. Ferguson*, 868 F.3d 514, 515 (6th Cir. 2017), and *Priddy*, 808 F.3d 676, are once again the law of the circuit. *See Brumbach*, 929 F.3d at 794. These decisions broadly held that "convictions under subsections (a)(1), (a)(2), or (a)(3) of the

Tennessee burglary statute—fit within the generic definition of burglary and are therefore violent felonies for purposes of the ACCA." *Ferguson*, 868 F.3d at 515 (citing *Priddy*, 808 F.3d at 684–85). Thus, we reject this argument.

C.

Third, Schumaker argues that the records of his convictions cannot establish that he committed aggravated burglary on three separate occasions. In order for the ACCA enhancement to apply, the defendant must have committed three violent felonies "on occasions different from one another." 18 U.S.C. § 924(e)(1). He argues that the "evidence does not establish that he necessarily admitted that he committed the aggravated burglaries on occasions different from one another—because the temporal circumstances of the offense are not elements of aggravated burglary under Tennessee law."

We rejected this argument in *Brown*, 957 F.3d at 690–91, and in *United States v. Hennessee*, 932 F.3d 437, 439 (6th Cir. 2019), *cert. denied*, 2020 U.S. LEXIS 347 (U.S., Jan. 13, 2020). In *Hennessee*, the court held that "a sentencing court may consider non-elemental facts such as times, locations, and victims in *Shepard* documents when conducting the different-occasions analysis." 932 F.3d at 439.

Here, the *Shepard* documents show that Schumaker committed violent felonies on several different occasions. The charging documents demonstrate that all, except for two, of Schumaker's fourteen Tennessee aggravated burglary convictions were committed on different dates. Therefore, Schumaker committed his offenses on "occasions different from one another." 18 U.S.C. § 924(e)(1). Accordingly, we also reject this argument.

IV.

We GRANT Schumaker's motion to take judicial notice and we REVERSE and REMAND for resentencing under the ACCA.