NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0394n.06

No. 22-5056

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) ) | **FILED**<br>Oct 03, 2022<br>DEBORAH S. HUNT, Clerk |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE |
| GREGORY ALLEN COOK, | ) | |
| Defendant-Appellant. | ) ) | OPINION |

Before: GUY, WHITE, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. Gregory Cook pleaded guilty to being a felon in possession of firearms. The district court sentenced him to a fifteen-year sentence after concluding that, for purposes of the Armed Career Criminal Act (ACCA), his three prior burglary convictions constituted violent felonies committed on different occasions. Cook challenges his sentence, claiming that a jury had to determine whether his prior burglary convictions were committed on different occasions. Binding precedent forecloses Cook's argument, so we AFFIRM.

I.

Cook pleaded guilty to possessing firearms as a felon after police found four handguns and numerous ammunition rounds spread throughout Cook's car and home. Normally, a defendant would face a maximum penalty of ten years' imprisonment for that offense. 18 U.S.C. § 924(a)(2). Cook, however, had six prior Tennessee burglary convictions, each of which qualifies as a violent felony under the ACCA, *see id.* § 924(e)(2)(B)(ii); *United States v. Ferguson*, 868 F.3d 514, 515

(6th Cir. 2017). So the Presentence Report recommended that the district court sentence Cook to the fifteen-year minimum sentence required by the ACCA for having three prior convictions for a violent felony. 18 U.S.C. § 924(e)(1). Over Cook's objection to the enhancement, the district court sentenced Cook to the ACCA mandatory minimum. Cook now appeals his ACCA-enhanced sentence.

## II.

The ACCA imposes a mandatory minimum fifteen-year sentence for a person who "violates section 922(g) of this title and has three previous convictions . . . for a violent felony . . . committed on occasions different from one another." 18 U.S.C. § 924(e)(1). "This requires two separate inquires: (1) whether prior convictions qualify as ACCA-predicates, and (2) whether such offenses were committed on different occasions." *United States v. Hennessee*, 932 F.3d 437, 441 (6th Cir. 2019). Cook challenges only the latter inquiry on appeal. We review de novo the district court's conclusion that Cook's prior convictions occurred on different occasions. *United States v. Southers*, 866 F.3d 364, 369 (6th Cir. 2019).

Cook argues that "[t]he district court violated [his] rights under the Fifth and Sixth Amendments when it found, by a preponderance of evidence and based on information contained in state court records, that he committed three prior offenses 'on occasions different from one another.'" Appellant Br. at 11 (quoting 18 U.S.C. § 924(e)(1)). According to Cook, such facts "should have been charged in the indictment and found by a jury beyond a reasonable doubt." *Id.* at 12.

Cook acknowledges, however, that circuit precedent forecloses this argument. "[T]his court has already held that 'consistent with *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000)], a sentencing judge may answer the question of whether prior offenses were committed on occasions

-2-

different from one another.'" *United States v. Williams*, 39 F.4th 342, 351 (6th Cir. 2022) (alteration in original) (citation omitted) (quoting *United States v. King*, 853 F.3d 267, 274 (6th Cir. 2017)); *see also Hennessee*, 932 F.3d at 444; *United States v. Burgin*, 388 F.3d 177, 186 (6th Cir. 2004).

Cook attempts to sidestep this precedent by arguing that those cases either came before or overlooked two Supreme Court cases that make clear that the different-occasions question is for the jury: *United States v. Hayes*, 555 U.S. 415 (2009), and *Nijhawan v. Holder*, 557 U.S. 29 (2009). *See Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 720 (6th Cir. 2016) (A panel may overrule a prior binding precedent if the "precedent overlooked earlier Supreme Court authority."). Neither case, however, involved the ACCA or the different-occasions requirement. They give us no authority to revisit our binding precedent.

The Supreme Court's recent opinion in *Wooden v. United States*, 142 S. Ct. 1063 (2022) doesn't alter this conclusion. In *Wooden*, the Supreme Court addressed whether burglarizing ten adjoining units in a single storage facility by burrowing through the walls constituted ten different occasions for purposes of the ACCA. *Id.* at 1067. Based on the facts of the case and the ordinary meaning of "occasions," the Court concluded that they didn't. *Id.* at 1074. But the defendant in Wooden raised no constitutional challenge to his sentence. *See id.* at 1087 n.7 (Gorsuch, J., concurring in the judgment). So *Wooden* didn't disrupt our prior caselaw.

Cook also suggests that the winds are shifting on this issue, noting that two Justices of the Supreme Court and several circuit judges have questioned whether allowing a judge to find the different-occasions requirement by a preponderance might violate a defendant's Fifth and Sixth Amendment rights. *See id.*; *see also United States v. Dudley*, 5 F.4th 1249, 1273–78 (11th Cir. 2021) (Newsom, J., concurring in part and dissenting in part); *United States v. Perry*, 908 F.3d

1126, 1134–36 (8th Cir. 2018) (Stras, J., concurring); *United States v. Thompson*, 421 F.3d 278, 291–95 (4th Cir. 2005) (Wilkins, C.J., dissenting). And in a post-briefing letter, the government informed us that it has changed its own thinking on this question; it now believes "that a jury should find (or a defendant should admit) that [the] ACCA predicates were committed on occasions different from one another." App. R. 33. Nonetheless, the government asks us to affirm Cook's sentence on the ground that this court's binding precedent forecloses that argument. The government is right. The Supreme Court has not answered this question, so we must follow our precedent. *See Salmi v. Sec'y of Health & Hum. Servs.*, 774 F.2d 685, 689 (6th Cir. 1985). The district court therefore didn't err by applying the ACCA enhancement.

\* \* \*

We AFFIRM.